Receipt Number
562832

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA; and WILLIAM ENGLISH; GERALD M. SYKES; LARRY J. SCOTT; and BEVERLY JENNINGS, on behalf of themselves and all other persons similarly situated, | Case: 2:07-cv-14310<br>Assigned To: Cleland, Robert H<br>Referral Judge: Pepe, Steven D<br>Filed: 10-11-2007 At 12:57 PM<br>CMP INTL UNION ET AL V. CHRYSLER (D A) |
| Plaintiffs, | CLASS ACTION |
| v. | |
| CHRYSLER LLC | |
| Defendant. | |

## COMPLAINT AND JURY DEMAND

Plaintiff International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America ("UAW"), by its attorneys Bredhoff & Kaiser, P.L.L.C., Daniel Sherrick, and Michael Saggau, and Plaintiffs William English, Gerald M. Sykes, Larry J. Scott, and Beverly Jennings (the "Class Representatives"), on behalf of themselves and all other persons in the proposed class described in this Complaint, by their attorneys, Stember, Feinstein, Doyle & Payne, LLC, complain against Defendant Chrysler LLC ("Chrysler") as follows:

1. This action is brought as a class action by the Class Representatives on behalf of themselves and a similarly situated class of retirees, spouses, surviving spouses, and dependents pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, and by the UAW,

the collective bargaining representative of relevant employees of Chrysler and party to the collective bargaining agreements that establish rights to health benefits following retirement.

2.  This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, for the purpose of determining a question in actual controversy between the parties, as more fully set forth below.

3.  Count I is brought by all plaintiffs under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. It seeks a declaration that rights to retiree health care benefits provided for under collective bargaining agreements between Chrysler and the UAW cannot be unilaterally terminated or modified by Chrysler, and a permanent injunction prohibiting such termination or modification.

4.  Count II is brought by the Class Representatives under § 502(a)(1)(B) and (a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) and (a)(3). It seeks a declaration that rights to retiree health care benefits provided for under Chrysler's employee welfare benefit plan cannot be unilaterally terminated or modified by Chrysler, and a permanent injunction prohibiting such termination or modification.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over Count I under § 301 of the LMRA, 29 U.S.C. § 185, and over Count II under § 502(e)(1) and (f) of ERISA, 29 U.S.C. § 1132 (e)(1) and (f). Venue in this judicial district is proper under § 301 of LMRA, 29 U.S.C. § 185, and § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## PARTIES

6.  Plaintiff and Class Representative William English is an adult resident of Detroit, Michigan. Until his retirement in December 1975, plaintiff English was employed by Chrysler in

2

Detroit, where he was a member of a bargaining unit represented by the UAW. Under the terms of the collective bargaining agreement between Chrysler and the UAW applicable at the time of his retirement, plaintiff English and his spouse and dependents are entitled to retiree health care benefits as set forth in this Complaint. After his retirement from Chrysler, plaintiff English was elected by his fellow retirees to serve as chairperson of a retiree chapter covering retirees from his local union..

7. Plaintiff and Class Representative Gerald M. Sykes is an adult resident of Calvert City, Kentucky. Until his retirement in 1994, plaintiff Sykes was employed by Chrysler, first at its Warren, Michigan, location and then at its Centerline, Michigan, location, where he was a member of bargaining units represented by the UAW. Under the terms of the collective bargaining agreement between Chrysler and UAW applicable at the time of his retirement, plaintiff is entitled to retiree health care benefits as set forth in this Complaint. After his retirement from Chrysler, plaintiff Sykes was elected by his fellow retirees as chairperson of the Western Kentucky Retired Workers Council covering retirees from his region.

8. Plaintiff and Class Representative Larry J. Scott is an adult resident of Kokomo, Indiana. Until his retirement in 1996, plaintiff Scott was employed by Chrysler in Kokomo, where he was a member of a bargaining unit represented by the UAW. Under the terms of the collective bargaining agreement between Chrysler and UAW applicable at the time of his retirement, plaintiff Scott and his spouse are entitled to retiree health care benefits as set forth in this Complaint. After his retirement from Chrysler, plaintiff Scott was elected by his fellow retirees as chairperson of a retiree chapter covering retirees from his local union.

9. Plaintiff and Class Representative Beverly Jennings is an adult resident of Hardin, Kentucky, and is the surviving spouse of Lewis Jennings, now deceased. Until his

3

retirement in 1991, Lewis Jennings was employed by Chrysler in Fenton, Missouri, where he was a member of a bargaining unit represented by the UAW. Under the terms of the collective bargaining agreement between Chrysler and UAW applicable at the time of his retirement, Lewis Jennings' surviving spouse (Plaintiff Beverly Jennings) is entitled to retiree health care benefits as set forth in this Complaint.

10.     Plaintiff UAW is a labor organization within the meaning of § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), which *inter alia* represents certain Chrysler employees in collective bargaining. The UAW's principal offices are located at 8000 East Jefferson Avenue, Detroit, Michigan 48214. The UAW has negotiated a series of collective bargaining agreements with Chrysler, under the terms of which Chrysler retirees and their spouses, surviving spouses, and dependents are entitled to retiree health care benefits, as set forth in this Complaint.

11.     Defendant Chrysler is a Delaware corporation with its principal offices located at 1000 Chrysler Drive, Auburn Hills, Michigan 48326. Chrysler also has extensive operations within this judicial district. Chrysler was at all times relevant hereto an "employer" within the meaning of § 2(2) of the NLRA, 29 U.S.C. § 152(2), and § 3(5) of ERISA, 29 U.S.C. § 1002(5), as well as "plan sponsor" and "administrator," within the meaning of § 3(16)(A)-(B) of ERISA, 29 U.S.C. § 1002(16)(A)-(B), of the employee welfare benefit plan through which the retiree health care benefits at issue in this litigation are provided. Chrysler is sued in its capacities as (a) party to the collective bargaining agreements with the UAW that established its obligation to provide retiree health care benefits, and (b) plan sponsor and plan administrator of the employee welfare benefit plan through which such benefits are provided.

## CLASS ACTION ALLEGATIONS

12.  The Class Representatives bring this class action on behalf of themselves and a class of former employees of Chrysler who were represented by the UAW in collective bargaining and who retired from Chrysler, having met the requirements in effect at their retirement for retiree health care benefits specified in the applicable collective bargaining agreement, as well as the spouses, surviving spouses, and dependents of those former employees who are also entitled to such benefits (the "Class").

13.  The exact number of members of the Class identified in the preceding paragraph is not presently known, but is approximately 125,000 and is so numerous that joinder of the individual members in this action is impracticable.

14.  The health care benefits to which Class members are entitled pursuant to the collective bargaining agreements under which they retired are essentially identical for all members of the Class, regardless of the date or location of their retirement.

15.  There are common questions of law and fact in this action that relate to and affect members of the Class, as set forth below in Counts I and II of this Complaint.

16.  The relief sought is common to the entire Class, as set forth below in the "Relief Requested" section of this Complaint.

17.  The claims of the Class Representatives are typical of the claims of the Class they represent, in that the claims of all members of the Class, including the Class Representatives, are that Defendant Chrysler is obligated under LMRA § 301 and ERISA to provide them with vested retiree health care benefits, under the terms of collective bargaining agreements negotiated between the UAW and Chrysler, and that Chrysler cannot unilaterally

terminate or modify those benefits. There is no conflict between any Class Representative and other members of the Class with respect to this action.

18. The Class Representatives are able to, and will, fairly and adequately protect the interests of the Class. The attorneys for the Class Representatives are experienced and capable in the field of labor law and ERISA and have successfully prosecuted numerous class actions of a similar nature.

19. This action is properly maintained as a class action under Federal Rule of Civil Procedure 23(b)(2), in that Chrysler has acted on grounds generally applicable to the Class by announcing that it will make unilateral changes in the retiree health care benefits it is obligated to provide to Class members, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.

## FACTS

20. Pursuant to the terms of the collective bargaining agreements negotiated with Chrysler by the UAW, Chrysler is obligated to provide certain retiree health care benefits to the Class Representatives and the Class, and may not unilaterally terminate or modify those benefits.

21. The collectively bargained arrangement described above, pursuant to which retiree health care benefits are provided to the Class Representatives and the Class, is an "employee welfare benefit plan" within the meaning of § 3(1) of ERISA, 29 U.S.C. § 1002(1). The Class Representatives and the members of the Class are "participants" in the employee welfare benefit plan, within the meaning of § 3(7) of ERISA, 29 U.S.C. § 1002(7).

22. The terms of the employee welfare benefit plan require that Chrysler provide certain vested retiree health care benefits to the Class Representatives and the Class members. Under the terms of the plan, Chrysler may not unilaterally terminate or modify those benefits.

6

23. Chrysler has asserted the right to make unilateral reductions in the health care benefits it is obligated to provide to its retirees and their spouses and surviving spouses and dependents under the collective bargaining agreements and the employee welfare benefit plan referred to above. Chrysler has asserted that will make unilateral changes in that retiree health care in the near future.

24. While Chrysler has not revealed the specifics of the unilateral reductions it intends to make, Chrysler's intent to make those unilateral reductions is imminent.

## COUNT I
## Violation Of Collective Bargaining Agreement
## LMRA § 301

25. Plaintiffs re-allege and incorporate by reference all preceding allegations in this Complaint as though fully set forth in this Count I.

26. Chrysler's stated intention to make unilateral changes in the retiree health care benefits it is obligated to provide to Class Representatives and the Class under the terms of the collective bargaining agreements described above constitutes an anticipatory repudiation of that contractual obligation.

27. Chrysler's breach of its collective bargaining agreements is actionable in this Court under LMRA § 301, 29 U.S.C. § 185.

## COUNT II
## Violation Of Employee Welfare Benefit Plan
## ERISA § 502(a)(1)(B) and (a)(3)

28. Plaintiffs re-allege and incorporate by reference all preceding allegations in this Complaint as though fully set forth in this Count II.

29. Chrysler's stated intention to make unilateral changes in the retiree health care benefits it is obligated to provide to Class Representatives and the Class under the terms of the

7

employee welfare benefit plan constitutes an anticipatory repudiation of its obligations as plan sponsor and administrator of the plan.

30. Chrysler's repudiation of the terms of the employee welfare benefit plan is actionable in this Court under ERISA § 502(a)(1)(B) and (a)(3), 29 U.S.C. § 1132(a)(1)(B) and (a)(3).

## PROPRIETY OF DECLARATORY RELIEF

31. For the reasons stated above, there exists an actual controversy between Plaintiffs (and the Class the Class Representatives represent) and Defendant Chrysler, which controversy can be resolved by a judgment of this Court. Chrysler has declared that it will reduce retiree health care benefits provided to the Class Representatives and Class members in the near future. The UAW and the Class Representatives assert that those benefits may not be unilaterally terminated or modified, and that Chrysler's announced intention of unilaterally reducing those benefits would be in violation of the collective bargaining agreements and the terms of the employee welfare benefit plan, as set forth above in Counts I and II.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Certify this action as a class action, appoint Plaintiffs William English, Gerald M. Sykes, Larry J. Scott, and Beverly Jennings as Class Representatives, and appoint Stember, Feinstein, Doyle & Payne LLC as counsel for the Class.

B. Declare that the retiree health care benefits set forth in the applicable collective bargaining agreements between Chrysler and UAW, and in the employee welfare benefit plan may not be unilaterally terminated or modified by Chrysler.

8

C.  Permanently enjoin Chrysler from terminating or modifying the benefits required to be provided to the Class Representatives and the Class under the terms of the applicable collective bargaining agreements and the employee welfare benefit plan.

D.  Award the Class Representatives and Class members such benefits, pursuant to the terms of the collective bargaining agreements and the employee welfare benefit plan, and/or monetary damages, as necessary to restore them to the position in which they would have been but for Chrysler's contractual and statutory violations.

E.  Award Plaintiffs their reasonable attorney's fees and costs incurred in this action.

F.  Grant such further relief as may be deemed necessary and proper.

## JURY DEMAND

Plaintiffs request a jury trial of all issues so triable.

9

Respectfully submitted,

*Julia Clark (w/ consent)*
JULIA PENNY CLARK (DC Bar 229609)
jpclark@bredhoff.com
CHARLOTTE GARDEN (DC Bar 489040)
cgarden@bredhoff.com
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth Street, N.W.
Suite 1000
Washington, DC 20005
(202) 842-2600
Fax: (202) 842-1888

*Michael Saggau*
DANIEL W. SHERRICK (P37171)
dsherrick@uaw.net
MICHAEL F. SAGGAU (P35326)
msaggau@uaw.net
8000 East Jefferson Avenue
Detroit, MI 48214
(313) 926-5216
Fax: (313) 822-4844

Counsel for Plaintiff UAW

*William T. Payne (w/ consent)*
WILLIAM T. PAYNE (PA Bar 38083)
wpayne@stargate.net
Stember Feinstein Doyle & Payne, LLC
Pittsburgh North Office
1007 Mt. Royal Boulevard
Pittsburgh, PA 15222
(412) 492-8797

*John Stember (w/ consent)*
JOHN STEMBER (PA Bar 23643)
jstember@stemberfeinstein.com
EDWARD J. FEINSTEIN (PA Bar 29718)
efeinstein@stemberfeinstein.com
PAMINA EWING (PA Bar 59244)
pewing@stemberfeinstein.com
STEPHEN M. PINCUS (PA Bar 88976)
spincus@stemberfeinstein.com
Stember Feinstein Doyle & Payne, LLC
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219
(412) 338-1445

Counsel for Plaintiffs William English,
Gerald M. Sykes, Larry J. Scott, and Eeverly
Jennings

Dated: October 10, 2007

JS 44 (Rev. 11/04)   **CIVIL COVER SHEET**   County in which this action arose ___Wayne___

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** International Union, United Automobile Aerospace & Agricultural Implement Workers of America and William English, Gerald Sykes, Larry Scott & Beverly Jennings

**(b)** County of Residence of First Listed Plaintiff ___Wayne___
(EXCEPT IN U.S. PLAINTIFF CASES)

Daniel Sherrick & Michael Saggau (for UAW), 8000 E. Jefferson Ave, Detroit, MI 48214 (313)926-5216

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
William T. Payne, 1007 Mt. Royal Blvd. Pittsburgh, PA 15223 (412)492-8797 (for English, Sykes, Scott and Jennings)

**DEFENDANTS** Chrysler LLC

County of Residence of First Listed Defendant ___Oakland___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Select One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Select One Box for Plaintiff)

Case: 2:07-cv-14310
Assigned To: Cleland, Robert H
Referral Judge: Pepe, Steven D
Filed: 10-11-2007 At 12:57 PM
CMP INTL UNION ET AL V. CHRYSLER (DA)

**IV. NATURE OF SUIT** (Select One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☒ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
|  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (Select One Box Only)
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
ERISA 29 USC Sec 1001 et seq and LMRA 29 USC Sec 141 et seq.
Brief description of cause:
Action for retiree health care benefits

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Unknown Amount
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 10/11/07   SIGNATURE OF ATTORNEY OF RECORD _Michael Saggau_

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?   ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :