**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT WORKERS OF
AMERICA; and WILLIAM ENGLISH; GERALD
M. SYKES; LARRY J. SCOTT; and BEVERLY
JENNINGS, on behalf of themselves and all
other persons similarly situated,

      Plaintiffs,

v.                                                       Case No. 07-CV-14310

CHRYSLER LLC,

      Defendant.
_____/

**ORDER GRANTING "CLASS REPRESENTATIVES'
MOTION FOR CLASS CERTIFICATION"**

Having reviewed and considered the "Motion for Class Certification" [Dkt. # 25] brought by plaintiffs WILLIAM ENGLISH, GERALD M. SYKES, LARRY J. SCOTT, and BEVERLY JENNINGS ("Class Representatives"), the court concludes that all requirements of Federal Rule of Civil Procedure 23 are satisfied and accordingly grants the motion and appoints Class Counsel, based on the following specific finding and rulings:

      1.      For a class to be certified, the proposed group of litigants must satisfy the four requirements of Rule 23(a) and fall within one of the three subdivisions of Rule 23(b); in addition, appointment of class counsel requires satisfaction of Rule 23(g)(1)(C)(i).

2. Because there are approximately 125,000 class members, the class is so numerous that joinder of all members is impracticable, satisfying Rule 23(a)(1).

3. There are common questions of law and fact, satisfying Rule 23(a)(2), because members of the proposed class are covered by labor agreements and plan documents containing virtually identical provisions concerning the obligations of Chrysler, LLC ("Chrysler") to provide retiree health care benefits. Common questions include: (1) whether Section 301 of the LMRA, 29 U.S.C. § 185(a), prohibits Chrysler from unilaterally reducing class members' health-care benefits; and (2) whether ERISA, 29 U.S.C. § 1132 (a)(1)(B) and (a)(3), also prohibits Chrysler from so doing.

4. Rule 23(a)(3) is satisfied because the Class Representatives' claims are typical of the claims of the proposed class. Chrysler has announced its intention to unilaterally modify hourly retiree health care benefits, which, if implemented, will affect Class Representatives and the proposed class in the same way.

5. Rule 23(a)(4) is satisfied because the Class Representatives and their counsel will fairly and adequately protect the interests of the class. First, Class Representatives have common interests with unnamed class members, as established by the fact that Rule 23(a)(2) commonality and Rule 23(a)(3) typicality are satisfied; further, nothing suggests that Class Representatives have interests conflicting or antagonistic to the interests of the proposed class. Second, Class Representatives will vigorously represent the interests of the proposed class through qualified counsel, as discussed in the following paragraph.

6. Rule 23(g)(1)(C)(i) requires that the court consider the following factors when appointing class counsel: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. The court has carefully considered each of these factors and concludes that each is satisfied here.

7. The court also finds that the requirements of Rule 23(b)(2) are satisfied, *i.e.*, that Chrysler has acted or refused to act on grounds generally applicable to the proposed class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Specifically, Chrysler has threatened to act on grounds generally applicable to the entire proposed class by reducing health care benefits. Injunctive or declaratory relief accordingly is appropriate with respect to the class as a whole.

8. Based on the foregoing, the court hereby certifies the following class (with the terms in initial caps having the definitions set forth in the March 30, 2008 Settlement Agreement):

All persons who are:

(i)i Chrysler-UAW Represented Employees who, as of October 29, 2007, were retired from Chrysler with eligibility for Retiree Medical Benefits under the Chrysler Plan, and their eligible spouses, surviving spouses and dependents;

(i)ii    surviving spouses and dependents of any Chrysler-UAW Represented Employees who attained seniority and died on or prior to October 29, 2007 under circumstances where such employee's surviving spouse and/or dependents are eligible to receive Retiree Medical Benefits from Chrysler and/or the Chrysler Plan;

(i)iii    former Chrysler-UAW Represented Employees or UAW-represented employees who, as of October 29, 2007, were retired from any previously sold, closed, divested or spun-off Chrysler business unit with eligibility to receive Retiree Medical Benefits from Chrysler and/or the Chrysler Plan by virtue of any agreement(s) between Chrysler and the UAW, and their eligible spouses, surviving spouses, and dependents; and

(iv)    surviving spouses and dependents of any former Chrysler-UAW Represented Employee or UAW-represented employee of a previously sold, closed, divested or spun-off Chrysler business unit, who attained seniority and died on or prior to October 29, 2007 under circumstances where such employee's surviving spouse and/or dependents are eligible to receive Retiree Medical Benefits from Chrysler and/or the Chrysler Plan.

2. Class claims are those alleged in the Complaint, including the claim that Section 301 of the LMRA, 29 U.S.C. § 185(a), as well as ERISA, 29 U.S.C. § 1132 (a)(1)(B) and (a)(3), prohibit Chrysler from unilaterally reducing class members' health-care benefits.

3. The law firm of Stember Feinstein Doyle & Payne, LLC is appointed as counsel for the class. As discussed above, the court finds that the attorneys in this firm

will fairly and adequately represent the interests of the class, in consideration of the work counsel has done in identifying or investigating potential claims in this action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class.

Accordingly, as detailed above, IT IS ORDERED that the "Motion for Class Certification" [Dkt. # 25] is GRANTED.

       s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 10, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 10, 2008, by electronic and/or ordinary mail.

       s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522